**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Darvin James REDD,**
**Defendant-Appellant.**

**Darvin James REDD,**
**Petitioner-Appellant,**

v.

**Jeffrey J. CLARK, Respondent-Appellee.**

**Nos. 83–1202, 83–2374.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1985 *.

Decided April 29, 1985.

---

**4.** Our disposition makes it unnecessary to reach the substantive issues pressed by appellant.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

Brian C. Leighton, Asst. U.S. Atty., Fresno, Cal., for the United States.

Stevan Noxon, Asst. Federal Public Defender, Darvin J. Redd, Fresno, Cal., for defendant-appellant.

Before GOODWIN, KENNEDY, and FLETCHER, Circuit Judges.

PER CURIAM:

Darvin James Redd appeals from the district court's denial of his motion to correct an illegal sentence under Fed.R.Crim.P. 35(a) and from its denial of his motion to vacate his sentence under 28 U.S.C. § 2255 (1982). We affirm.

## FACTUAL BACKGROUND

Redd pleaded guilty on April 19, 1982 to one count of violating 18 U.S.C. § 922(h)(1) (1982), which prohibits felons from receiving firearms in interstate commerce. The district court suspended imposition of his sentence, and placed him on five years probation subject to various conditions, including residence and participation in a community drug treatment center. Four days later, on April 23, 1982, the district court modified these conditions and permitted Redd to leave the treatment center from April 24, 1982 to May 9, 1982 during the hours of 7:00 A.M. to 6:00 P.M., in order to locate his children and place them in an appropriate living situation. On the next day, April 24, 1982, Redd violated the treatment center's rules by consuming alcohol while on leave: a breath intoxilyzer test administered that day revealed that he was "intoxicated" as defined under California law.

As a result, on April 29, 1982, the district court rescinded its order granting Redd permission to leave the treatment center. On June 1, 1982, following an evidentiary hearing, the district court found Redd to have violated the terms and conditions of his probation, and sentenced him to three years imprisonment pursuant to 18 U.S.C. § 4205(a) (1982). This court affirmed the district court's revocation of Redd's probation in an unpublished decision on December 16, 1982.

Redd and his attorney then raised two separate challenges to his probation revocation. On January 31, 1983, Redd filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. On June 13, 1983, Redd's attorney filed motions under Fed.R. Crim.P. 35(a) to correct Redd's allegedly illegal sentence and under Fed.R.Crim.P. 35(b) to modify Redd's sentence to time already served. On August 15, 1983, the district court denied the § 2255 and Rule 35(a) motions, and granted the Rule 35(b) motion in part (to allow parole eligibility to be determined pursuant to 18 U.S.C. § 4205(b)). Redd now appeals the denial of his § 2255 and Rule 35(a) motions.

## ANALYSIS

■ The claims in Redd's § 2255 motion are without merit. Redd contends that in revoking his probation based on his con-

sumption of alcohol on April 24, 1982, the district court violated double jeopardy and due process principles, because it had already punished him for the same behavior when it rescinded its travel authorization on April 29, 1982. Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, this claim cannot be the basis of a § 2255 motion. *Egger v. United States,* 509 F.2d 745, 748 (9th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 61 (1975).

█ Redd also contends that the principles of res judicata and collateral estoppel barred the district court from revoking his probation. He claims that once the district court had considered the alcohol incident and rescinded its travel authorization, it was precluded from considering the same incident again at his probation revocation hearing. There is no authority for this proposition. The same actions by a probationer can lead to direct punishment and can also constitute the basis on which his probation for a prior offense is revoked. *See Bible v. Arizona,* 449 F.2d 111, 112 (9th Cir.1971), *cert. denied,* 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1972); *see also United States v. Guadarrama,* 742 F.2d 487, 488–89 (9th Cir.1984). There is no rule requiring courts to consider probation revocation at the same proceeding or time as they make determinations concerning new offenses with which a probationer is charged. *See, e.g., United States v. Guadarrama,* 742 F.2d at 488; *Bible v. Arizona,* 449 F.2d at 112.

█ Redd also claims that he was denied effective assistance of counsel because his attorney failed to raise double jeopardy, due process, res judicata, and collateral estoppel challenges during his probation revocation hearing. Since these challenges would all have been meritless, Redd cannot claim that his counsel's failure to raise them constituted ineffective assistance. *See Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Finally, Redd claims that there have been intervening changes in the law since his direct appeal which would require a different outcome in his case. However, the cases he cites in support of this assertion— *Johnson v. Smith,* 696 F.2d 1334 (11th Cir.1983), and *United States v. Hamilton,* 708 F.2d 1412 (9th Cir.1983)—reveal no change in prevailing legal standards that would entitle him to relief.

█ Redd's Rule 35(a) motion is also without merit. Redd contends that the district court illegally "enhanced his sentence" by revoking his probation after it had already revoked his travel authorization for the same conduct. This is merely another version of his double jeopardy claim. Redd was not punished twice for the same offense, nor was his punishment for a single offense illegally "enhanced." Redd was given two separate punishments for two separate offenses: his violation of the conditions of the district court's travel authorization, and his violation of 18 U.S.C. § 922(h)(1). The district court sentenced Redd for his violation of § 922(h)(1) when he entered his guilty plea on April 19, 1982, and suspended imposition of that sentence subject to various conditions, in order to give Redd an opportunity to remain at the community treatment center. Redd's actions on April 24, 1982 violated those conditions and led the district court to revoke his probation and reinstate his original sentence. However, the fact that the district court based its decision that probation was inappropriate in Redd's case upon the April 24, 1982 incident does not transform Redd's reinstated sentence for violating § 922(h)(1) into a punishment for the April 24, 1982 incident. *See Bible v. Arizona,* 449 F.2d at 112.

█ Redd also contends that the district court violated his due process rights because of its "unreasonable delay" and "piecemeal approach" in proceeding as it did. Since only about five weeks intervened between the April 24, 1982 incident and Redd's probation revocation hearing, and since only one probation revocation hearing was conducted, we cannot conclude that Redd's due process rights were violated. *See United States v. Hamilton,* 708

F.2d 1412, 1415 (9th Cir.1983); *United States v. Tyler,* 605 F.2d 851, 853 (5th Cir.1979) (per curiam).

■ Finally, Redd's claim that he was entitled to be present at his Rule 35 hearing is without merit. Fed.R.Crim.P. 43(c) provides that a defendant is not required to be present at an argument on a question of law or a reduction of sentence under Rule 35. Fed.R.Crim.P. 43(c)(3)–(4). Redd's claim that his Rule 35 hearing was in actuality a resentencing, and that therefore he was entitled to be present at the hearing, is not supported by the record or by this court's ruling on Redd's direct appeal.

For these reasons, the district court's denial of Redd's § 2255 and Rule 35(a) motions is

AFFIRMED.