958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dejuan Lamonte VERRETT, Defendant-Appellant.
 No. 91-50042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided March 25, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury found Dejuan Verrett guilty of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Verrett challenges the district court's findings at the suppression and sentencing hearings. He also argues that there was insufficient evidence to convict him at trial, and that the district court erred in finding him a leader or organizer of the conspiracy.
 
 
 3
 Verrett and his associate, Shyndora Dickerson, agreed that Dickerson would transport cocaine base to St. Louis from Los Angeles. At the Los Angeles Greyhound Bus Depot, Dickerson was approached by two plain-clothes police officers. The officers asked to check her suitcase and cocaine base was discovered.
 
 
 4
 At the police station Dickerson agreed to telephone Verrett and allow the police to monitor the call. Verrett incriminated himself during the telephone call. After the telephone call, three detectives and two uniformed officers, already stationed in the parking lot of Verrett's apartment complex, approached Verrett's apartment. They arrested Verrett in his apartment and took him to the police station where he confessed.
 
 
 5
 We accept the district court's factual findings unless they are clearly erroneous. United States v. Broadhurst, 805 F.2d 849, 850 (9th Cir.1986). The ultimate legal conclusions of the district court are subject to de novo review. Id.
 
 
 6
 Verrett first argues that the district court erred in concluding that he lacked standing to challenge the search of Dickerson's suitcase. Fourth Amendment rights are personal and may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 140 (1978). In order for Verrett to contest the government's conduct he must show a legitimate privacy interest in Dickerson's suitcase. The determination of whether such a privacy right exists, does not depend on a traditional analysis of standing but rather on substantive Fourth Amendment doctrine. Id. "Mere membership in a criminal venture does not give a person an expectation of privacy in all property used by the venture." United States v. Lockett, 919 F.2d 585, 588 (9th Cir.1990). See also, United States v. DiCesare, 765 F.2d 890, 896 (9th Cir.1985) (participation in joint criminal venture did not give standing to challenge the warrantless search of a handbag).
 
 
 7
 A person may have a legitimate expectation of privacy if able to show a formalized arrangement which indicates joint control and supervision of the thing searched. Broadhurst, 805 F.2d at 852. However the record must "amply indicate a formalized, ongoing arrangement." Id. See also, U.S. v. Johns, 851 F.2d 1131, 1135-1136 (9th Cir.1988). It is not necessary for the person to own the object searched in order to have a legitimate expectation of privacy in it. United States v. Perez, 689 F.2d 1336, 1338 (9th Cir.1982).
 
 
 8
 Verrett did not show a legitimate expectation of privacy in Dickerson's suitcase. Dickerson and Verrett were not engaged in an ongoing and formalized relationship. Although Dickerson was paid for her participation, there is no indication that this was more than a one time arrangement. Neither did Verrett show that he exercised control over the suitcase, which belonged to Dickerson, and into which she, not Verrett, put the cocaine. The district court did not err in finding that Verrett failed to carry his burden of proving a reasonable expectation of privacy in Dickerson's suitcase.
 
 
 9
 Next, Verrett argues that the police entry of his home constituted an unlawful search of his residence. He does not dispute that probable cause existed but does argue that the district court erred in finding that he consented to the search. If there is probable cause to arrest, the government must still show an exception to the warrant requirement to justify the warrantless intrusion into a person's residence. United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir.1985), cert. denied, 476 U.S. 1144 (1986). In this case the government relies on consent. The government bears the burden of proving consent was voluntarily given. Schneckloth v. Bustamonte, 412 U.S. 218, 248-249 (1973). "Voluntariness is a question of fact determined from all the circumstances." Id. This burden may not be met by showing the suspect acquiesced to a claim of lawful authority. Bumper v. North Carolina, 391 U.S. 543, 548 (1968).
 
 
 10
 Under the totality of the circumstances test set forth in Bustamonte, we ask whether the consent was given voluntarily or the circumstances as a whole suggest duress or coercion. 412 U.S. at 248-49. At the suppression hearing the police gave uncontroverted testimony that Verrett consented. Based on the totality of the circumstances and the absence of any credible contrary evidence we can not say that the consent was coerced or given under duress.
 
 
 11
 Verrett also argues that his confession at the police station was involuntary. The determination of whether a statement is voluntarily made must be evaluated in light of the totality of the circumstances. Id. at 249. The government must prove voluntariness by a preponderance of the evidence. United States v. Wauneka, 842 F.2d 1083, 1087 (9th Cir.1988).
 
 
 12
 The district court found that the interrogating officer followed standard police procedure and informed Verrett of his Miranda rights. Both the statement of the interrogating officer and the police report support this finding. The district court's conclusion that Verrett voluntarily waived his right to remain silent was not error.
 
 
 13
 Verrett next argues that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of the crimes charged. We will affirm a conviction if, after viewing the evidence in the light most favorable to the government, we believe that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each of the essential elements of the crime charged. United States v. Lane, 765 F.2d 1376, 1381 (9th Cir.1985).
 
 
 14
 Viewing the evidence in the light most favorable to the government we determine that there was sufficient evidence to find Verrett guilty of both conspiracy to possess with intent to distribute and possession with intent to distribute cocaine base. First, the written statement of Verrett admits to an agreement to possess cocaine base. Second, Verrett's written statement admits that he and Dickerson were involved in a joint venture. Possession may be actual or constructive. United States v. Grayson, 597 F.2d 1225, 1229 (9th Cir.), cert. denied, 444 U.S. 873 and 444 U.S. 875 (1979). And a jury may find that a person involved in a joint venture to possess drugs has both knowledge of and control over drugs in the possession of a companion. United States v. Dupuy, 760 F.2d 1492, 1500 (9th Cir.1985) Third, Verrett's written statement admits that he planned to sell the cocaine in St. Louis. Fourth, the jury heard the taped telephone conversation between Verrett and Dickerson in which Verrett incriminated himself. Fifth, the police found the cocaine base in Dickerson's suitcase. This evidence could lead a reasonable person to believe both that a conspiracy to distribute cocaine base existed and that Verrett possessed cocaine base with intent to distribute it.
 
 
 15
 Finally, Verrett argues that the district court erred in finding him a leader of the conspiracy. We review this essentially factual determination for clear error. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 16
 The Sentencing Guidelines provide: "Based on the defendant's role in the offense, increase the offense level as follows: (c) If the defendant was an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by two levels." U.S.S.G. § 3B1.1(c). Sections (a) and (b) are not applicable to this case.
 
 
 17
 Factors relevant to a determination of whether a defendant occupied a leadership role include decision making authority, recruitment of accomplices and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment (n. 3). We recently held that Section 3B1.1(c) applied to crimes committed with only two participants. Carvajal, 905 F.2d at 1295.
 
 
 18
 Verrett admitted in his statement that he recruited Dickerson to carry the cocaine base. He had decision making authority as he initiated the conspiracy and directed the overall operation. He also directed her actions by telling her to remove the contraband from the bus depot. These findings were not clearly erroneous. The district court properly concluded that Verrett merited a two point upward adjustment based on his role in the offense.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3