2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. DONALDSON, Defendant-Appellant.
 No. 92-55979.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David M. Donaldson, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his conviction for four counts of failure to file income tax returns, in violation of 26 U.S.C. Sec. 7203. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Donaldson was convicted in 1981. We reversed the conviction and remanded with instructions that a court-appointed psychiatrist evaluate his competency. After a second jury trial, Donaldson again was convicted. In his second direct appeal, we affirmed the conviction and remanded for resentencing. Donaldson was resentenced on November 14, 1983. He did not file a third direct appeal, although he did appeal from the denial of a subsequent Fed.R.Crim.P. 35 motion for reduction of his sentence. The district court revoked his probation on May 15, 1992, and he filed his Sec. 2255 motion on July 7, 1992. The district court summarily denied it on the same day, and Donaldson timely appeals.[1]
 
 
 4
 First, Donaldson attempts to present anew the issues raised in his second direct appeal. He has attached to his opening brief the opening brief filed in appeal No. 82-1598, raising the following issues: (1) his increased sentence after retrial violated his right to due process; (2) the district court erred in its jury instructions on intent; (3) the district court erred by excluding his testimony on intent; (4) the district court denied him effective assistance of counsel by refusing to relieve trial counsel; (5) he was entitled to voir dire on certain subjects; and (6) the district court erred by instructing the jury on the defense of advice of counsel.
 
 
 5
 Donaldson also makes the following claims, some of which duplicate the issues raised on direct appeal: (1) the district court violated his right to due process by admitting W-4 forms into evidence; (2) certain documents were improperly excluded; (3) the district court erred in its definition of willfulness; (4) the district court denied him effective assistance of counsel by refusing to relieve trial counsel; (5) he was denied due process when counsel did not appear at the psychiatric examination; (6) he was denied effective assistance of counsel when counsel did not appear at the resentencing hearing in 1983; (7) at the resentencing hearing in 1983 the district court improperly presented an amended version of his original sentence imposed in 1981; and (8) the 1983 sentence violated due process.
 
 
 6
 Claims raised and rejected on direct appeal cannot be the basis for a Sec. 2255 motion. United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam). Accordingly, the district court did not err by denying the claims previously decided in Donaldson's second direct appeal.
 
 
 7
 The following claims were not raised on direct appeal: (1) admission of W-4 forms, (2) exclusion of documents, (3) definition of willfulness, (4) improper amendment of 1981 judgment, and (5) violation of due process at resentencing in 1983. A Sec. 2255 claim is procedurally defaulted if the defendant could have but did not raise it on direct appeal; and the defendant must show cause for the default and resulting prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Donaldson has not shown cause and prejudice for his procedural default. Accordingly, the district court did not err by denying these five new claims.
 
 
 8
 Finally, Donaldson claims ineffective assistance of counsel at his psychiatric examination and at his resentencing hearing in 1983. To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance." Id. at 689-90. To establish prejudice, the defendant must establish a reasonable probability that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 687.
 
 
 9
 Donaldson claims that he was denied due process and effective assistance of counsel because his attorney did not appear at the psychiatric examination. A defendant has a sixth amendment right to counsel when deciding whether to submit to a psychiatric examination. Estelle v. Smith, 451 U.S. 454, 469-71 (1981) (capital case). There is no requirement, however, that counsel attend the examination. See id., Powell v. Texas, 492 U.S. 680, 681 (1989) (per curiam). Accordingly, the district court did not err by denying this claim.
 
 
 10
 Donaldson also claims that his attorney was ineffective because she did not appear at his resentencing hearing in 1983. He claims that the district court's judgment falsely indicates the appearance of substitute counsel. We affirm the district court's finding that the record does not support Donaldson's claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Donaldson's probation again was revoked on April 5, 1993. His appeal No. 93-50309 from the revocation order is pending in this court