9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Gordon HOWE, Defendant-Appellant.
 No. 92-36923.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Gordon Howe appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence for conspiracy to manufacture methamphetamine and to defraud the United States. He seeks an evidentiary hearing. We affirm.
 
 
 3
 We review de novo the district court's denial of the motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Findings of fact are reviewed for clear error. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We review for an abuse of discretion a district court's denial of an evidentiary hearing on a § 2255 motion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). A court need not hold a hearing if the motion, records and files show conclusively that the prisoner is entitled to no relief. Id.
 
 
 4
 1. Allegations of Prosecution and Defense Counsel Conspiracy
 
 
 5
 Howe argues that the prosecutor and defense counsel conspired to induce him to plead guilty. He says that they told him that he would be found guilty "automatically" because he had pleaded guilty in state court to a similar drug charge.
 
 
 6
 The record does not support Howe's conspiracy argument. The assistant United States attorney who prosecuted the case denied that a conspiracy existed or that he had even talked to Howe. Howe presents no evidence to the contrary.
 
 2. Court Inquiry Regarding Threats
 
 7
 Howe contends that the court did not ask him whether he had been threatened into pleading guilty, as required by Rule 11 of the Federal Rules of Criminal Procedure. The record supports the district court's conclusion that the court made the required inquiry at the change of plea hearing:
 
 
 8
 THE COURT: Has anyone threatened or mistreated or pressured you or anyone else to bring about your plea of guilty?
 
 
 9
 DEFENDANT: No.
 
 
 10
 3. Duty to Inform About Ramifications of Guilty Plea
 
 
 11
 The district court must inform a defendant of the direct consequences of his plea; it need not advise him of the collateral consequences. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). Collateral consequences often are those "in the hands of another government agency or ... the defendant himself." Id. at 236. The time of parole eligibility is a collateral consequence. Id. The court need not have told Howe that the United States Parole Commission would determine his parole eligibility and how it would do so.
 
 4. Court Inquiry Regarding Competency
 
 12
 The district court did not err by rejecting Howe's arguments that he was not mentally competent to plead guilty and that the court's inquiry into his competence was insufficient. After determining that Howe was taking medication for Parkinson's disease, the court asked whether the drug impaired his ability to understand the change of plea proceeding. Howe answered that it did not and that he understood what was happening. The prosecutor, defense counsel and the court agreed that Howe understood the proceedings.
 
 
 13
 Howe also makes two other arguments. He says that the government fabricated and presented false testimony before the grand jury. Because he raises this issue for the first time on appeal, we decline to address it. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). We also do not address his argument that the government did not comply with the plea agreement. We decided that issue on direct appeal, United States v. Howe, No. 89-30322, 1991 U.S.App. LEXIS 4842 (9th Cir. Mar. 20, 1991). See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3