17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael David GRANT, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 93-55046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael David Grant, a former federal prisoner, appeals pro se the district court's denial of his petition for a writ of coram nobis. The district court construed his petition as a petition for federal habeas corpus relief and denied the petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989), and affirm.
 
 
 3
 Grant was convicted of one count of credit card fraud, in violation of 18 U.S.C. Sec. 1029(a)(3). He appealed to this Court, which affirmed his conviction in an unpublished memorandum disposition, but remanded to the district court for resentencing. United States v. Grant, 90-50234, unpublished memorandum disposition (9th Cir. July 15, 1992). Grant filed a petition for rehearing and suggestion for rehearing en banc in this Court. While this petition was pending, Grant filed a petition for writ of coram nobis in the district court, claiming that he should receive credit against his federal sentence for time spent in state custody. Grant then filed an addendum to his petition in which he abandoned the sentencing credits issue and instead sought to attack this Court's disposition of his direct appeal. The district court construed his amended petition as a petition for writ of habeas corpus and denied the petition.
 
 
 4
 In order to qualify for coram nobis relief, a petitioner must show that (1) a more usual remedy is not available, (2) valid reasons exist for failing to attack the conviction earlier, (3) sufficient adverse consequences exist to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character. Walgren, 885 F.2d at 1420; Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). The writ of coram nobis may be sought only where there is no other relief available. Hirabayashi, 828 F.2d at 604.
 
 
 5
 Here, Grant was in federal custody when he filed his petition. Therefore, other relief was available to him, including a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 or Sec. 2255. Accordingly, the district court did not err in construing his petition as a petition for habeas corpus rather than a coram nobis petition. See Walgren, 885 F.2d at 1420 (coram nobis relief available to vacate conviction when defendant is no longer in custody); Hirabayashi, 828 F.2d at 604 (coram nobis intended to provide post-conviction remedy for defendants who are no longer in federal custody).
 
 
 6
 Grant claims that the panel of this Court that decided his direct appeal erred by determining that he was arrested by state authorities prior to being turned over to federal authorities.[1] However, we have no power to overrule the decision of a prior panel, absent intervening Supreme Court precedent which calls the earlier decision into question. See Branch v. Tunnell, No. 93-35144, slip op. 267, 282 (9th Cir. Jan. 12, 1994); United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992). Furthermore, a federal habeas corpus petition may not be used to relitigate issues already decided on direct appeal. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985). Accordingly, the district court properly denied Grant's petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grant further claims that this error caused the panel to deny his claims that he was denied a speedy trial and a timely probable cause hearing before a federal magistrate