17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo SIERRA, Defendant-Appellant.
 No. 93-35608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guillermo Sierra, a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion. Sierra was convicted of six counts of distributing cocaine and one count of possession of an unregistered firearm. He contends that the district court erred by denying his claims that: (1) he was fined contrary to the requirements of 18 U.S.C. Sec. 3572; (2) his Fifth Amendment rights were violated when his counsel refused to let him testify; and (3) his sentence was improperly calculated under the guidelines. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Sierra contends that he was fined contrary to the requirements of 18 U.S.C. Sec. 3572 because the sentencing court failed to conduct the proper inquiry before imposing a $75,000 fine. Sierra raises the same challenge to his fine in this motion which he raised on direct appeal. A claim decided on appeal cannot be the basis of a section 2255 motion. United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985). The district court correctly denied this claim.
 
 
 4
 Sierra contends that his Fifth Amendment rights were violated when his counsel refused to permit him to testify. Sierra failed to raise this claim in his first section 2255 motion. The government argued and the district court found that the abuse of the writ doctrine barred Sierra from raising this claim.
 
 
 5
 Absent cause and prejudice or a fundamental miscarriage of justice, new claims in subsequent petitions are barred as an abuse of the writ. McCleskey v. Zant, 111 S.Ct. 1454, 1474-75 (1991); see also Rule 9(b), Rules Governing Section 2255 Cases, 28 U.S.C. foll. Sec. 2255.
 
 
 6
 Sierra alludes to the fact that English is not his native language. We are obligated to construe pro se pleadings liberally. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam). Arguably, a lack of English skills could serve as cause for failure to raise a claim in a first petition. But see McCleskey, 111 S.Ct. at 1470 (in order to establish cause, petitioner must show some objective factor external to the defense); Hughes, 800 F.2d at 909 (a pro se petitioner's illiteracy does not establish cause). We need not decide this issue. On appeal, we noted that Sierra had lived in Alaska for fourteen years, he spoke English frequently in his daily life and there was nothing in the record to suggest that he had any problems communicating with his counsel or with the court during the course of the trial. Sierra offers no factual basis to support the argument that his lack of English skills prevented him from raising this claim in his first section 2255 motion.
 
 
 7
 Sierra has stated no other fact suggesting cause for his failure to raise this claim in his first petition nor has he alleged any fact suggesting actual innocence. Consequently, the district court properly found that Sierra's attempt to raise this claim in his second section 2255 motion was barred as an abuse of the writ. See McCleskey, 111 S.Ct. at 1474-75.
 
 
 8
 Sierra also contends that he was sentenced incorrectly under the guidelines, arguing at length regarding appropriate sentences for co-conspirators. Because Sierra was not convicted of conspiracy nor sentenced as a conspirator, the district court properly denied this claim as legally frivolous.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision witout oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3