21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amanuel Devon BROOKS, Defendant-Appellant.
 No. 93-35128.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amanuel Devon Brooks appeals pro se the district court's dismissal of his second 28 U.S.C. Sec. 2255 motion as successive and an abuse of the writ. We have jurisdiction under 28 U.S.C. Secs. 2253 and 2255. We review for an abuse of discretion, Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990), and affirm.
 
 
 3
 "[W]hen a federal prisoner presents a claim in a Sec. 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ." Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992). When a claim has been adjudicated in a prisoner's direct appeal from his conviction and sentence, it cannot be the basis of a section 2255 motion. Id.; United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 4
 In Brooks's direct appeal, he argued that his conviction and sentence for conspiracy to distribute a large quantity of cocaine (898 grams) was unfair because he was a minor player in the conspiracy and "was only involved with a small quantity of cocaine." See United States v. Talley, Nos. 89-30099, 89-30116, 89-30117, 89-30128 (9th Cir. Sept. 5, 1990) (unpublished), cert. denied, 111 S.Ct. 2038 (1991). In his motion below, Brooks again challenged his sentence on the grounds that he never agreed to the distribution of such a large amount of cocaine, "was not part of the entire conspiracy," and was not in the geographical area where the distribution took place.
 
 
 5
 We see no material difference in the claims raised below and in Brook's direct appeal. The district court therefore did not abuse its discretion in dismissing Brooks's motion as successive. See Molina v. Rison, 886 F.2d 1124, 1129-30 (9th Cir.1989); Redd, 759 F.2d at 701.[1]
 
 
 6
 Brooks's claims also fail on the merits. His motion was based on his belief that United States v. Edwards, 945 F.2d 1387 (7th Cir.1991), and the November 1, 1989 amendment of U.S.S.G. Sec. 1B1.3, comment (n. 1) changed the law pertaining to his sentence. Brooks is mistaken. Edwards is not the law in this circuit, and the Guidelines amendment was a clarification of existing law, not a substantive change. See U.S.S.G. App. C, amend. 78 (Nov. 1989). Moreover, Brooks was not sentenced under the Guidelines, but under 21 U.S.C. Sec. 841(b)(1)(B).
 
 
 7
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court found that Brooks's failure to raise these claims in his first section 2255 motion was an abuse of the writ. We need not reach the issue because we affirm on other grounds