110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrio Salgado MALFAVOR, Defendant-Appellant.
 No. 96-35953.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demetrio Salgado Malfavor, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Malfavor contends that the district court erred by denying his section 2255 motion because there is insufficient evidence to support his section 924(c) conviction under Bailey v. United States, 116 S.Ct. 501 (1995). We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Evidence offered to support a conviction is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995).
 
 
 4
 Section 924(c)(1) provides for enhanced penalties if the defendant "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). The "use" element requires proof that "the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 116 S.Ct. at 509; see Hernandez, 80 F.3d at 1258. The "carry" element requires the firearm to be transported on or about the defendant's person, and immediately available for use. See Hernandez, 80 F.3d at 1258.
 
 
 5
 Here, informant Frank Hinojosa testified that only a few hours prior to the execution of the search warrant Malfavor and Cabadas held him in the house at gunpoint while discussing the return of drugs Hinojosa had stolen from Malfavor. Moreover, police officers found three loaded and operable handguns in Malfavor's bedroom, one of them in the hands of a co-conspirator, Maria Cabadas, who was found hiding in a closet; substantial quantities of heroine and cocaine; over $20,000 in cash; and a triple-beam scale. This direct and circumstantial evidence presented at trial was sufficient to show that Malfavor used a firearm during and in relation to his heroin and cocaine possession. See Bailey, 116 S.Ct. at 509; see also United States v. Bernard, 48 F.3d 427, 430 (9th Cir.1995) (upholding conviction for possession of firearm based upon circumstantial evidence).
 
 
 6
 Viewing this evidence in the light most favorable to the government, we conclude that a reasonable jury could have found beyond a reasonable doubt that Malfavor used a firearm in violation of section 924(c). See Bailey, 116 S.Ct. at 509; Hernandez, 80 F.3d at 1258; Vgeri, 51 F.3d at 879. Accordingly, the district court did not err by denying Malfavor's section 2255 motion. See Sanchez, 50 F.3d at 1451-52.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Malfavor's contention that the evidence presented was insufficient to uphold his conviction for co-conspirator liability was resolved against him by this Court in his direct appeal. See United States v. Salgado-Malfavon, No. 93-30053, unpublished memorandum disposition (9th Cir. Sept. 3, 1993). Malfavor cannot use this section 2255 motion to reargue the matter. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam). To the extent that Malfavor contends that Bailey and Hernandez changed the theory of vicarious liability under Pinkerton v. United States, 328 U.S. 640 (1946), his contention lacks merit. See Bailey, 116 S.Ct. at 509; Hernandez, 80 F.3d at 1257-58