120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George ALLEN, Defendant-Appellant.
 No. 96-35903.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner George Allen appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for methamphetamine-related offenses. Allen contends: (1) the district court erroneously found that the methamphetamine involved was D-methamphetamine rather than L-methamphetamine and erroneously calculated the amount of methamphetamine he was capable of producing; (2) he was sentenced in violation of the Double Jeopardy Clause; and (3) his counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), cert. denied, 1997 WL 251244 (U.S. June 9, 1997) (No. 96-8878), and we affirm.
 
 
 3
 Allen is precluded from raising in a section 2255 motion his contention that the district court erred by finding that this case involved D-methamphetamine, because he failed to raise this nonconstitutional issue at sentencing or on direct appeal. See id.$ at 1157; United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Nor may Allen relitigate in a section 2255 motion his contention that the district court erroneously calculated the amount of methamphetamine he was capable of producing, because this court already addressed the issue on direct appeal. See United States v. Williams, 989 F.2d 1061, 1074 (9th Cir.1993) (holding that sentencing court did not clearly err in determining Allen and coconspirator were capable of producing nine kilograms of methamphetamine); United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 4
 Next, Allen contends he was punished twice for the same offense, in violation of the Double Jeopardy Clause, because the "same essential elements" of Count IV (21 U.S.C. §§ 841(d)(1), and 802(33), (35)) "were also used as the basis for determining the punishment imposed" on Counts I (21 U.S.C. § 841(a)(1)) and II (21 U.S.C. § 846).[1] This contention is meritless, because each of these statutes requires proof of different facts and reflects Congress's intent to impose separate punishments. See United States v. Dixon, 509 U.S. 688, 696 (1993) (to withstand double jeopardy challenge, offenses for which defendant is punished must survive "same-elements" test); Blockburger v. United States, 284 U.S. 299, 304 (1932) (under "same-elements" test, two statutes prohibit same offense unless each statute requires proof of fact which other does not); United States v. Wolfswinkel, 44 F.3d 782, 784 (9th Cir.1995) (Double Jeopardy Clause protects against multiple punishments for same offense; to determine whether offenses are same, court looks to congressional intent; if Congress enacts statutes that indicate intent to impose separate punishments, statutes define separate offense and punishments do not violate Constitution).
 
 
 5
 Allen also contends his counsel was ineffective for failing to raise the above issues at sentencing. This contention lacks merit.
 
 
 6
 To prevail on an ineffective assistance of counsel claim, the defendant must demonstrate that counsel's performance was deficient and that the defendant was prejudiced as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability, that but for counsel's errors, the result of the proceeding would have been different. See id. at 687-88. If it is possible to dispose of an ineffective assistance claim on the ground of lack of prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 7
 Here, the government presented evidence that methamphetamine recovered by law enforcement authorities was D-methamphetamine, and that Allen and his coconspirator were capable of producing D-methamphetamine. Allen has presented no evidence that the case involved a substance other than D-methamphetamine, "not even a self-serving declaration that it was L-methamphetamine." See McMullen, 98 F.3d at 1158. Thus, Allen has failed to establish prejudice. See Strickland, 466 U.S. at 697. The government also presented evidence that Allen and his coconspirator were capable of producing at least three kilograms of methamphetamine, which would have resulted in the same sentencing range. Thus, Allen has failed to establish that his attorney's alleged omissions, even if deficient, prejudiced him. See id. Counsel was not ineffective for failing to challenge Allen's sentence on double jeopardy grounds because, as noted above, this claim is meritless. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (stating that counsel's failure to raise meritless legal argument does not constitute ineffective assistance).
 
 
 8
 Finally, Allen contends his counsel was ineffective for failing to argue that his prosecution was barred by the Double Jeopardy Clause because it followed the prior unchallenged administrative forfeiture of his property. Because civil forfeitures do not constitute punishment for double jeopardy purposes, see United States v. Ursery, 116 S.Ct. 2135, 2149 (1996), counsel was not ineffective in raising this meritless claim, see Shah, 878 F.2d at 1162. Accordingly, the district court did not err by denying Allen's ineffective assistance of counsel claim, see Strickland, 466 U.S. at 687-88, and correctly denied Allen's section 2255 motion.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 841(d)(1) subjects to punishment one who "knowingly or intentionally possesses a listed chemical with intent to manufacture a controlled substance." Section 802(33) and (35) define listed chemicals. Section 841(a)(1) subjects to punishment one who "knowingly or intentionally manufacture[s], distribute[s], or dispense[s], or possess[es] with intent to manufacture, distribute, or dispense, a controlled substance." Section 846 subjects any individual "who attempts or conspires to commit," inter alia, a violation of section 841 to the same penalties as those prescribed for the object offense