131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David STRAUCH, Defendant-Appellant.
 No. 97-15257.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Filed Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. Nos. CV-96-00264-DFL, CR-93-00154-DFL; David F. Levi, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Strauch, a former federal prisoner, appeals pro se the district court's denial of his section 2255 motion to vacate his conviction and sentence imposed following his jury conviction for bankruptcy fraud. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 A. Actual Innocence
 
 3
 Strauch first contends that the district court erred by finding that his claim of actual innocence was precluded because it was raised and addressed in his direct appeal. Because the points Strauch raises in support of his actual innocence claim are a reformulation of his challenge to the sufficiency of the evidence which this court addressed on direct appeal, he is precluded from raising the argument in a section 2255 action. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam).[1]
 
 B. Prosecutorial Misconduct
 
 4
 Strauch next contends that prosecutorial misconduct occurred because the prosecutor (1) knew that a witness perjured himself and used the testimony anyway, (2) intimidated witnesses, and (3) lied throughout his closing argument. We disagree because Strauch not shown any misconduct which deprives him of a fair trial. See United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991).
 
 
 5
 First, there is no indication that the prosecutor knew the witness lied during trial or that the prosecutor directed the witness to lie or submit a falsified document. Cf. James v. Borg, 24 F.3d 20, 26 (9th Cir.1994) (noting that in section 2254 action conclusory allegations unsupported by facts do not warrant relief). Second, Strauch presented no evidence that the prosecutor intimidated any witnesses. See id. Third, Strauch failed to demonstrate prosecutorial misconduct during closing argument because the prosecutor's comments were neither improper nor inaccurate. See id. Because Strauch failed to show that the prosecutor engaged in misconduct, he cannot demonstrate that he was denied a fair trial. See Sanchez-Robles, 927 F.2d at 1077.
 
 
 6
 C. Ineffective Assistance of Trial and Appellate Counsel
 
 
 7
 Strauch next contends that he received ineffective assistance of counsel during trial and on appeal because counsel failed to argue or pursue points in support of his claim of actual innocence and counsel committed numerous other errors.[2] These contentions are meritless.
 
 
 8
 To establish ineffective assistance of counsel, a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 9
 First, Strauch's contentions that his trial counsel should have argued alternative legal theories and challenged the sufficiency of the evidence are unsupported conclusory allegations. Cf. James, 24 F.3d at 26. Strauch presents no evidence suggesting that he might have been acquitted if trial counsel had pursued these strategies. See id. Second, appellate counsel did challenge the sufficiency of the evidence to convict, therefore there is no basis for Strauch's ineffective assistance claim. See United States v. Strauch, No. 94-10195 (9th Cir. June 23, 1995); Strickland, 466 U.S. at 697. Third, the record does not support Strauch's other ineffective assistance claims because they are either inaccurate or Strauch has failed to demonstrate that his defense was prejudiced by counsel's actions. See Strickland, 466 U.S. at 697. Thus, Strauch failed to demonstrate that his trial or appellate counsel provided ineffective assistance. See id.
 
 
 10
 D. Ineffective Assistance of Pre-Trial Counsel
 
 
 11
 Finally, Strauch contends that his pre-trial counsel was ineffective because (1) he misadvised Strauch on how to defend the charges, and (2) counsel and the prosecuting attorney obtained information from Strauch, under the guise of offering immunity, that was later used to incriminate him. We disagree.
 
 
 12
 First, Strauch presents no evidence to support his conclusory allegation that pre-trial counsel misadvised him about his defense. Cf. James, 24 F.3d at 26. Second, based on the affidavit submitted by the prosecutor, the district court found that the prosecutor did not discuss, negotiate, or agree to any form of immunity with Strauch's pre-trial counsel or with Strauch. Thus, the record does not support Strauch's contention. See id.
 
 
 13
 Accordingly, Strauch has failed to demonstrate that he is entitled to relief. See Sanchez, 50 F.3d at 1451-52.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Strauch's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Strauch is attempting to raise a separate argument concerning actual innocence, he has not shown "actual innocence". See Clark v. Lewis, 1 F.3d 814, 821 (9th Cir.1993)
 
 
 [2]
 The numerous other errors Strauch contends his counsel committed include: failure to call Strauch's bankruptcy attorney to testify, failure to prove the government's witnesses lied, failure to submit relevant jury instructions, misreading the indictment, failure to call helpful witnesses because of intimidation by the trial judge, failure to raise sentencing issues and failure to raise the prosecutorial misconduct claims