145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dejuan L. VERRETT, Defendant-Appellant.
 No. 96-56336.
D.C. No. CV-94-07455-JGD.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dejuan Lamonte Verrett was convicted of conspiracy to possess cocaine base with the intent to distribute and possession of cocaine base with the intent to distribute. His conviction and sentence were affirmed by this court. United States v. Verrett, No. 91-50042, 958 F.2d 379, 1992 WL 57439 (9th Cir. Feb.3, 1992). Verrett subsequently filed with the district court a motion pursuant to 28 U .S.C. § 2255 to vacate, set aside or correct his sentence, and the district court denied his motion. Verrett appeals the denial of his § 2255 motion.
 
 
 3
 We review de novo the district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir .1995). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253 and 2255, and we affirm.
 
 
 4
 In his direct appeal, Verrett argued that the police entry of his house violated the Fourth Amendment, that his post-arrest statement at the police station was involuntary, that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of the crime charged and that his co-conspirator was improperly arrested and interrogated. Because we have already considered and rejected these arguments, see Verrett, 1992 WL 57439, Verrett may not relitigate these issues here. Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987); United States v. Redd, 759 F.2d 699, 700 (9th Cir.1985).
 
 
 5
 Since Verrett failed to raise these issues before the district court in his underlying § 2255 motion, we decline to review them on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) ("[i]ssues not presented to the trial court cannot generally be raised for the first time on appeal").
 
 
 6
 Verrett argues that he was denied effective assistance of counsel. Again, Verrett failed to raise this claim before the district court.
 
 
 7
 Verrett claimed in a "Motion To Supplement the Filed Motion By Defendant Under 28 USC 2255 To Vacate, Set Aside Or Correct Sentence By a Person In Federal Custody" that he was denied effective assistance of counsel. It is not clear from the docket sheet if Verrett ever filed this motion. We note that Verrett's supplemental motion is dated April 8, 1996. Because Verrett filed his notice of appeal from the district court's denial of his § 2255 motion on March 16, 1995, the district court was without jurisdiction to consider Verrett's supplemental motion. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3