**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Osman Jose CASTELLANO,**
**Defendant–Appellant.**

**No. 02–35643.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Gregory R. Nyhus, Asst. U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Osman Jose Castellano, Sandstone, MN, for Defendant–Appellant.

Before: PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Osman Jose Castellano, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Castellano challenges his jury-trial conviction and 300–month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**630**

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *United States v. Angelone,* 894 F.2d 1129, 1130 (9th Cir. 1990), and we affirm.

 Castellano contends that trial counsel was ineffective because counsel failed to obtain the trial testimony of a material witness, and contest the court's erroneous jury instructions. The district court did not err in its conclusion that the witness issue could not be raised in a § 2255 motion because it had previously been raised and rejected at trial and on direct appeal. *See United States v. Castellano,* 232 F.3d 897 (9th Cir.2000) (unpublished disposition) (affirming Castellano's conviction, and rejecting this contention in Castellano's direct appeal); *United States v. Redd,* 759 F.2d 699, 701 (9th Cir.1985) ("Since these challenges would all have been meritless, [defendant] cannot claim that his counsel's failure to raise them constituted ineffective assistance"). Because Castellano failed to raise the jury instruction issue in the district court, we decline to consider it. *See United States v. Johnson,* 988 F.2d 941, 945 (9th Cir. 1993).

Castellano also contends that counsel was ineffective due to a complete communication breakdown, and that the district court failed to perform an adequate hearing prior to refusing to substitute counsel during trial and forcing Castellano to proceed pro se. After reviewing the entire record, we conclude that the district court did not err in its finding that counsel's performance was not deficient. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Again, because Castellano failed to raise

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

the substitution of counsel issue in the district court, we decline to consider it. *See Johnson,* 988 F.2d at 945

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.