UNITED STATES of America,
Plaintiff—Appellee,

v.

Marcos Xavier RAMIREZ, Defendant—
Appellant.

No. 07–35879.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 19, 2009.

Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Michael Robert Levine, Matthew McHenry, Law Office of Michael R. Levine, Portland, OR, for Defendant–Appellant.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM *

Marcos Xavier Ramirez appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his two concurrent 276–month sentences for conspiracy and possession with intent to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255, and we affirm.

Ramirez is barred from using a § 2255 motion to relitigate issues decided on direct appeal. *See United States v. Redd,* 759 F.2d 699, 701 (9th Cir.1985). Because we held on direct appeal that any error that occurred when Ramirez's wife invoked her marital testimonial privilege in front of the jury was harmless, *see United States v. Ramirez,* 44 Fed.Appx. 80, 84 (9th Cir.2002) (unpublished disposition), Ramirez is barred from contending here that his attorney rendered ineffective assistance by forcing Ramirez's wife to invoke her privilege before the jury. *See Redd,* 759 F.2d at 701.

Moreover, the district court did not err when it denied Ramirez's motion because Ramirez failed to show that his attorney rendered ineffective assistance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On direct appeal, we held the district court did not err when it admitted at trial the grand jury testimony of Ramirez's wife. *See Ramirez,* 44 Fed.Appx. at 84. This determination is binding on us. *See United States v. Scrivner,* 189 F.3d 825, 828 (9th Cir.1999). Therefore, even assuming the failure of Ramirez's attorney to object to the admission of this testimony is deficient performance, Ramirez cannot show prejudice because the grand jury testimony was admissible. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Similarly, we held on direct appeal that "no error, much less plain error" resulted from the failure to sever Ramirez's trial from that of his co-defendants. *Ramirez,* 44 Fed.Appx. at 84. Therefore, Ramirez was not prejudiced by the failure of his attorney to move to sever Ramirez's trial. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052.

Finally, Ramirez has failed to show that he was prejudiced by his attorney's failure to help Ramirez's wife invoke her marital testimonial privilege, his attorney's failure to object to the district court's advice to Ramirez's wife regarding her marital testimonial privilege, his attorney's failure to urge the district court to advise Ramirez's wife she could refuse to testify, or his attorney's failure to invoke the marital communications privilege on Ramirez's behalf; even had the testimony of Ramirez's wife been excluded, the district court admitted other evidence that justified Ramirez's convictions. *See id.*

The district court did not abuse its discretion when it did not grant Ramirez an evidentiary hearing because Ramirez failed to make "specific factual allegations that, if true, state a claim upon which relief could

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

be granted." *United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003).

Finally, we decline to consider the uncertified issues Ramirez raises in his opening brief. *See* 9th Cir. R. 22–1(e).

**AFFIRMED.**