**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffery ANTOINE, Defendant–Appellant.**

**No. 86–3073.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1990.

Decided July 5, 1990.

David Skeen, Port Townsend, Wash., for defendant-appellant.

Robert G. Chadwell, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WALLACE, HALL and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

Antoine appeals from his conviction for bank robbery, 18 U.S.C. § 2113(a), alleging

violations of 18 U.S.C. § 3161(c) (Speedy Trial Act) and 28 U.S.C. § 753(b) (Court Reporter Act), as well as auxiliary constitutional violations. He also alleges a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and an infringement of due process as a result of an unreasonable delay in the processing of his appeal. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

## I

Antoine was indicted on October 23, 1985, and convicted following a two-day jury trial on March 3–4, 1986. On March 12, Antoine's ex-wife, acting on behalf of Antoine, requested a copy of the reporter's transcript, and paid the full amount necessary to secure it. Despite repeated motions filed by Antoine's counsel and repeated orders entered by the district court directing the transcripts to be prepared, no transcripts had been filed and no explanation had been given by the court reporter as of July 11, 1988. On that date, the reporter finally informed the court that she was unable to locate her trial notes and tapes.

On August 9, 1988, our clerk of court directed the district court to prepare a reconstruction of the trial proceedings pursuant to Fed.R.App.P. 10(c); this order was confirmed in our order dated August 29. On February 16, 1989, Antoine's counsel filed a rule 10(c) statement with the district court, but stated that the 10(c) reconstruction of the record was inadequate. The district judge ordered a hearing for April 29, 1989. In the meantime, portions of the reporter's notes were located. From these, a partial transcript was produced by a substitute court reporter and filed on May 31, 1989. Antoine objected, pointing out numerous omissions and garbled testimony, and moved to vacate his conviction. The district court denied this motion on August 11, 1989, and ordered Antoine to proceed under either the partial transcript or the (concededly inadequate) rule 10(c) reconstruction.

## II

■ Antoine first argues that the government failed to bring him to trial within the time required by the Speedy Trial Act. The district court's factual findings concerning the Speedy Trial Act are reviewed for clear error, and questions of law are reviewed de novo. *United States v. Karsseboom,* 881 F.2d 604, 606 (9th Cir. 1989).

■ Under the Speedy Trial Act, a defendant's trial "must commence within seventy days of the filing of the indictment or the defendant's initial court appearance," whichever is latest. *United States v. Morales,* 875 F.2d 775, 776 (9th Cir.1989) (*Morales*); 18 U.S.C. § 3161(c)(1). Antoine was indicted on October 23, 1985. The day of the indictment is not included in the calculation. *United States v. Van Brandy,* 726 F.2d 548, 550 (9th Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 79 (1984). Thus, the 70–day period started on October 24, 1985. Antoine's trial began on March 3, 1986; 130 days later. However, a number of these days are not counted toward the 70–day requirement of section 3161(c)(1).

Delays due to pretrial motions are excluded from the computation of the 70 days. 18 U.S.C. § 3161(h)(1)(F); *Morales,* 875 F.2d at 776–77. Here, twenty-three days of delay are attributable to pretrial motions. Antoine's counsel filed a motion to withdraw prior to the indictment which was heard on October 30, 1985, thus accounting for seven days. Ten days are attributable to Antoine's motions requesting a pretrial psychiatric examination. Another six days' delay resulted from various motions filed on February 26, 1986, and heard on March 3. Thus, the total delay is reduced to 107 days.

Delays resulting from mental competency examinations are also excluded. 18 U.S.C. § 3161(h)(1)(A). In addition, delay resulting from transporting the defendant to and from the competency examination may be excluded, "except that any time

consumed in excess of ten days ... shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(H). Antoine's mental competency examination occupied 45 days; transportation to the examination took five days and transportation from the examination consumed in excess of ten days. An additional 60 days may therefore be excluded, reducing the delay to 47 days. Thus, Antoine was brought to trial within the period mandated by the Speedy Trial Act.

Antoine also appears to assert that the delay violated his sixth amendment right to a speedy trial. He cites no cases to support his rather oblique contention nor indeed does he provide any reasoning. Even if we decided we should address this issue, we would conclude that his assertion is without merit.

### III

■ Antoine next argues that his rights under the Court Reporter Act have been violated because he has not received a complete verbatim transcript of his trial. For this reason alone, Antoine urges that we should reverse his conviction. The government does not dispute that Antoine received an incomplete transcript.

"Court reporters are required to record proceedings verbatim, 28 U.S.C. § 753(b), but the failure to do so does not require a per se rule of reversal." *United States v. Doyle*, 786 F.2d 1440, 1442 (9th Cir.), *cert. denied*, 479 U.S. 984, 107 S.Ct. 572, 93 L.Ed.2d 576 (1986). "[E]ven assuming there were omissions in the transcripts, appellant cannot prevail without a showing of specific prejudice." *United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir.1989) (*Anzalone*); *United States v. Carrillo*, 902 F.2d 1405, 1410 (9th Cir.1990) (*Carrillo*) (reaffirming *Anzalone*'s requirement that defendant show specific prejudice).

> [W]hen a court reporter has failed to record part of the trial proceedings, "[t]he appropriate procedure is to vacate the judgment and remand for a hearing to determine whether appellant was prejudiced by the error in failing to record the arguments. If the trial court concludes that he was, a new trial may be ordered. If the court concludes that he was not, a new final judgment may be entered."

*Anzalone*, 886 F.2d at 231–32 (emphasis omitted), *quoting United States v. Piascik*, 559 F.2d 545, 547 (9th Cir.1977), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978).

Antoine argues that because his counsel on appeal is not the same as his trial counsel, prejudice should be assumed and outright reversal is required under *Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). We do not read *Hardy* as establishing such a requirement. The Court in *Hardy* stated only that "where counsel on appeal was not counsel at the trial, the requirements placed on him by *Ellis v. United States* [356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958)] ... will *often* make it seem necessary to him to obtain an entire transcript." *Id.* at 282, 84 S.Ct. at 428 (emphasis added). Thus, the reasoning of *Hardy* indicates only that the substitution of counsel is one significant factor to be considered in determining prejudice. This factor, along with others, may be considered by the district court in the hearing on remand.

We therefore vacate the conviction and remand to the district court to determine whether Antoine can show specific prejudice arising from his lack of a complete transcript. We recognize that our result is inconsistent with a prior ruling of the Fifth Circuit. *See United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir.1977) (requiring automatic reversal where transcript is incomplete and appellant has substitute counsel on appeal). However, because *Selva* is inconsistent with our own precedent which directs a specific prejudice determination on a case-by-case basis, *see Anzalone*, 886 F.2d at 232; *Carrillo*, 902 F.2d at 1410, we do not adopt the *Selva* result.

Antoine once again opaquely alludes to a violation of a constitutional right while asserting his statutory claim. There is no substance to his argument and we reject it. In the next section we do, however, address his due process claim which is not attached to any statutory argument.

## IV

Antoine argues that the three-year delay in processing his appeal amounts to a violation of due process. He therefore urges that his conviction be reversed on this ground.

 Courts have recognized that extreme delay in the processing of an appeal may amount to a violation of due process. *Rheuark v. Shaw*, 628 F.2d 297, 302–03 (5th Cir.1980) (*Rheuark*), *cert. denied*, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981); *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir.) (*Johnson*), *cert. denied*, 469 U.S. 1033, 105 S.Ct. 505, 83 L.Ed.2d 396 (1984). We accept this rule in general. We reject the idea, however, that a due process claim can be used as a vehicle to implement specific requirements, such as those in the Speedy Trial Act. Indeed, "not every delay in the appeal of a case, even an inordinate one, violates due process." *Rheuark*, 628 F.2d at 303. The Fifth Circuit has adopted a helpful four-factor test for evaluating such claims: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.* at 303 n. 8 (adapting the test for pretrial delay announced in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972)); *see also Johnson*, 732 F.2d at 381–82 (adopting *Rheuark* test in a criminal appeal).

 Applying these factors here, the length of the delay is three years—a substantial amount of time. In part the delay may be attributable to actions by Antoine's counsel. However, the government does not dispute that a significant portion of the delay—probably at least two years—resulted from the unwillingness or inability of the court reporter to produce the transcript of the trial. Antoine, who requested and paid for a copy of the transcript in a timely manner, cannot be blamed for this delay. We conclude that this second factor also favors Antoine. Further, Antoine vigorously asserted his right to the transcript both before the district court and on appeal.

While the first three factors thus favor Antoine to some extent, evaluation of the fourth factor is more difficult. The Fifth Circuit did not indicate whether its test required the appellant to meet all four prongs, or whether the evaluation entailed a balancing test. *See Rheuark*, 628 F.2d at 303 & n. 8. Nevertheless, we are satisfied that a due process violation cannot be established absent a showing of prejudice to the appellant. Hence, although the first three factors lean towards Antoine, we must also address the fourth.

The Fifth Circuit, again adapting *Barker v. Wingo*, analyzed the prejudice prong by identifying three categories of potential prejudice stemming from a delayed appeal: (1) oppressive incarceration pending appeal, (2) anxiety and concern of the convicted party awaiting the outcome of the appeal, and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial. *Rheuark*, 628 F.2d at 303 n. 8. Although other factors may also be relevant, we believe the Fifth Circuit test is sufficient for this appeal.

We cannot determine factor one. While Antoine has been incarcerated pending appeal, whether this incarceration is unjustified and thus oppressive depends upon the outcome of his appeal on the merits, or subsequent retrial, if any. If his conviction was proper, there has been no oppressive confinement: he has merely been serving his sentence as mandated by law. However, it is impossible to determine on the record before us the lawfulness of Antoine's confinement. Although we reject his Speedy Trial Act claim, the absence of a complete record, or the absence of a reconstructed record that does not specifically prejudice Antoine, would preclude Antoine from discovering whether additional substantive challenges to his conviction can be brought. Determination of prejudice will be made on remand. At this stage of the appeal, however, we cannot determine whether Antoine has suffered from oppressive incarceration.

Antoine has undoubtedly experienced anxiety and concern during the protracted

pendency of this appeal. He has not alleged, however, any particular anxiety suffered here that would distinguish his case from that of any other prisoner awaiting the outcome of an appeal. Thus, we do not conclude that this factor is particularly compelling, although it does weigh slightly in Antoine's favor.

Finally, it is uncertain whether the delay has impaired Antoine's grounds for appeal or may impair his defense in the event of retrial. Again, we do not know whether the delay has impaired his grounds for appeal because at this stage in the proceedings we do not know what all those grounds might be. All we say at this point, not without irony, is that Antoine's appeal on the Speedy Trial Act issue was not impaired by the delay.

The government urges that no impairment in the event of a retrial can be established. In the initial trial, Antoine called no witnesses of his own and offered no evidence; the only defense presentation consisted of recalling one of the government's eyewitnesses to the crime. It is unclear how the passage of time could impair a defense based entirely upon a claim that the government had presented insufficient evidence to carry its burden of proof. Nevertheless, we are reluctant to make this determination as an initial matter. The district judge, who heard the trial, is in a better position to determine the effects of the delay upon a possible retrial. Consequently, we remand to the district court to determine whether the delay has impaired the viability of Antoine's arguments.

As can be seen from this analysis, ruling on the existence of a due process violation presents considerable difficulty. If Antoine has suffered an impairment of his defense in the event of a retrial (a question we leave to the district court), a due process violation may well have occurred. Even if Antoine cannot demonstrate this form of prejudice, he may have suffered unjust confinement if he subsequently brings an appeal and it proves substantively meritorious. Indeed, in such case, a due process violation may have occurred even if Antoine would not be prejudiced in his arguments on appeal or at retrial. As a result, we conclude that it would be premature to rule on the alleged due process violation.

Another factor strongly indicates that a ruling on Antoine's due process claim would be premature. Antoine argues that if a due process violation is found, we should direct the district court to enter a judgment of acquittal. However, ordering an acquittal is not the only or indeed even the usual remedy for a due process violation resulting from the unreasonable delay of an appeal. *See Johnson*, 732 F.2d at 383 (observing that a civil claim under 42 U.S.C. § 1983 or a civil contempt proceeding against parties responsible for the delay could constitute an alternative remedy); *Layne v. Gunter*, 559 F.2d 850, 851 (1st Cir.1977) (where undue delay in state appeals process had resulted in possible denial of due process to petitioner, affirmative relief was inappropriate where state courts had begun processing the appeal), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978); *Morales Roque v. Puerto Rico*, 558 F.2d 606, 607 (1st Cir. 1976) (when appeal is delayed, release of prisoners being held after conviction for nonbailable offenses is only a last resort). We therefore reject Antoine's request for a direction to the district court.

## V

Finally, Antoine argues that the government violated *Brady* by failing to supply him with information regarding a government witness that would have been material to his cross-examination. Antoine filed a motion for a new trial based on the alleged *Brady* violation subsequent to his sentencing. The district court did not rule on this motion. Antoine urges that we treat the district court's failure to rule as a denial of the motion and review the merits of his claim. Because we conclude that it is necessary to remand to the district court for the consideration of other issues, we deem it more appropriate to remand this issue as well. Numerous factual issues surround the *Brady* claim. These issues are best resolved by the district court. Therefore,

we direct the district court on remand to consider Antoine's motion for a new trial based upon an alleged *Brady* violation.

## VI

We vacate Antoine's conviction and remand to the district court. On remand, the district court should consider (1) whether Antoine can show specific prejudice in his Court Reporter Act claim arising from his lack of a complete transcript; (2) whether, under his due process claim, Antoine can demonstrate that in the event of a retrial, his defense will be impaired as a result of the delay; and (3) whether Antoine has stated a valid claim under *Brady*.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.