967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey ANTOINE, Defendant-Appellant.
 No. 91-30321.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 25, 1992.
 
 Before WALLACE, Chief Judge, and CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Antoine appeals from the reentry of his judgment of conviction. The district court order denied relief following our remand in United States v. Antoine, 906 F.2d 1379 (9th Cir.) (Antoine I ), cert. denied, 111 S.Ct. 398 (1990). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 In Antoine I, we affirmed in part, vacated the judgment, and remanded to the district court to consider three issues: (1) whether Antoine can show specific prejudice arising from his lack of a complete trial transcript; (2) whether, under his due process claim, Antoine can demonstrate that in the event of a retrial, his defense will be impaired as a result of the delay; and (3) whether Antoine has stated a valid claim under Brady v. Maryland, 373 U.S. 83 (1963). Antoine I, 906 F.2d at 1384. Antoine also appeals from the district court's denial of his motion to hire a psychological expert to determine the extent of his anxiety resulting from the delay of his appeal. This issue was decided in Antoine I, id. at 1381-82, and was not an issue on remand. Therefore, we will not address it.
 
 
 3
 We review the district court's findings of fact for clear error. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.) (en banc) (McConney ), cert. denied, 469 U.S. 824 (1984). However, we review mixed questions of law and fact de novo. Id.
 
 
 4
 The district court found that Antoine presented no facts showing specific prejudice. Antoine repeats his argument, unsuccessfully presented in Antoine I, that a violation of the Court Reporter Act, 28 U.S.C. § 753(b), coupled with a change of counsel on appeal, requires reversal. Antoine may not relitigate this issue.
 
 
 5
 Antoine contends that his due process rights were violated as a result of delay in his appeal. The district court disagreed, finding that Antoine proved no prejudice as a result of the delay. We review this mixed question of law and fact de novo. McConney, 728 F.2d at 1202.
 
 
 6
 In Antoine I, we decided that Antoine could not establish a due process violation absent a showing of prejudice. 906 F.2d at 1382. The prejudice prong requires analysis of three categories of potential prejudice stemming from a delayed appeal: (1) oppressive incarceration pending appeal; (2) anxiety and concern of the convicted party awaiting the outcome of the appeal, and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial. Id. We remanded to the district court for factual findings related to the third category. Id. at 1383.
 
 
 7
 The district court reviewed the "overwhelming" proof of guilt presented at trial and found that Antoine was not prejudiced by the delay. Numerous witnesses identified Antoine as one of the bank robbers, as well as the driver of the escape vehicle, which was registered in his name. Antoine's trial defense was presented almost entirely through cross-examination of prosecution witnesses. His case-in-chief consisted of recalling one government eyewitness. He argued that he was present in the bank at the time of the robbery, but that he did not participate. Given the evidence against Antoine, and the fact that his defense was based entirely upon a claim that the government had presented insufficient evidence to carry its burden of proof, we agree with the district court that Antoine has not shown that his ability to present a defense in the event of a retrial was prejudiced by the delay.
 
 
 8
 Antoine has presented no relevant factual argument showing that he was prejudiced by the delay in his appeal. Instead, he relies upon the presumed prejudice arising from his lack of a complete transcript. We have already rejected that argument. In addition, Antoine relies upon the government's alleged violation of Brady as a source of prejudice. Even if this could be considered under Antoine's prejudice argument, it would also be insufficient, as discussed below.
 
 
 9
 We conclude that the district court properly determined that Antoine suffered no impairment of his grounds for appeal or of his defense in the event of a retrial.
 
 
 10
 Antoine argues that the district court erred in concluding that the government did not violate Brady by failing to supply him with information regarding a government witness that would have been material to his cross-examination. We review de novo Antoine's challenge to his conviction on the basis of Brady. United States v. Marashi, 913 F.2d 724, 731 (9th Cir.1990).
 
 
 11
 On remand, the district court properly found that the alleged Brady material was not obtained until after Antoine was convicted. The information in question was obtained by the prosecution during an interview with Clifton Thomas, on March 27, 1986. Thomas stated that he, Antoine, and another person conducted the bank robbery at issue in this case. Antoine was convicted more than three weeks prior to this interview, however, on March 4, 1986. Therefore, no Brady violation could have occurred because the allegedly exculpatory information was not in the possession of the government until after trial.
 
 
 12
 Antoine also argues that the information should have been disclosed, at a minimum, prior to sentencing on April 11, 1986. The district court found that the evidence implicated Antoine in a series of bank robberies, and that had it been available at sentencing, the court would not have considered it to be a mitigating factor. On the contrary, the district court stated that the evidence would likely have had an opposite effect.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4