50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sidney Darnell EASTER, Petitioner-Appellant,
v.
J.S. STAINER, Warden, California State Prison at Corcoran;
James-Roland, Director, California Department of
Corrections Respondents-Appellees.
 No. 94-16023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 15, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sidney Darnell Easter appeals the district court's denial of his petition for a writ of habeas corpus, claiming that delays by the California appellate courts in deciding his direct appeal violated his Due Process rights. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 BACKGROUND
 
 3
 Easter was convicted in California of special circumstance felony murder, Cal.Penal Code Secs. 187(a), 189, two special circumstances of robbery and burglary, Sec. 190.2(a)(17)(i), (vii), and numerous firearms violations, based upon a restaurant robbery in which the cook was shot to death. The judge did not give the jury an intent instruction. Easter was sentenced to life without parole on April 6, 1981.
 
 
 4
 The California Supreme Court subsequently held that an intent instruction was required for special circumstance felony murder. Carlos v. Superior Court, 672 P.2d 862 (Cal.1983). The California Court of Appeal affirmed Easter's conviction and sentence because the failure to give an intent instruction was harmless error. The California Supreme Court remanded for reconsideration of the sentence in light of its holding subsequent to Carlos that such error was prejudicial as a matter of law. People v. Garcia, 684 P.2d 826 (1984), cert. denied, 469 U.S. 1229 (1985).
 
 
 5
 Before the court of appeal reconsidered Easter's case, the California Supreme Court reversed itself and held that an intent instruction was not required when the prosecution is of the actual killer. People v. Anderson, 742 P.2d 1306 (Cal.1987).[1] The court of appeal then affirmed Easter's sentence a second time.
 
 
 6
 After the California Supreme Court denied Easter's petition for collateral relief, Easter filed a habeas petition in the district court, claiming two separate due process violations. First, he claimed that application of the "no-intent" instruction requirement to his case was barred by ex post facto principles. Second, he claimed that the California courts' three-year delay in deciding his case deprived him of his right to the intent instruction requirement. The district court rejected these claims, and Easter appeals.
 
 DISCUSSION
 
 7
 Easter first contends that application of Anderson to his case violated ex post facto principles. This argument is unavailing. We have held that retroactive application of Anderson to pre-Carlos trials does not violate the Due Process Clause of the Fourteenth Amendment. See Hamilton v. Vasquez, 17 F.3d 1149, 1164 (9th Cir.1994); Hendricks v. Vasquez, 974 F.2d 1099, 1107 (9th Cir.1992); Hunt v. Vasquez, 899 F.2d 878, 881 (9th Cir.1990); Hughes v. Borg, 898 F.2d 695, 704-05 (9th Cir.1990).
 
 
 8
 Easter next argues that the California courts' delay in deciding his appeal violated his Due Process rights by depriving him of a favorable outcome under Carlos and Garcia.
 
 
 9
 We apply speedy trial requirements to the appellate process. United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir.), cert. denied, 498 U.S. 963 (1990). In evaluating whether a delay violates due process, we consider (1) the length of delay, (2) the reasons for delay, (3) the defendant's assertion of appeal rights, and (4) prejudice to the defendant. Id.
 
 
 10
 The district court found that the first three Antoine factors weighed in Easter's favor, but held that Easter had not suffered prejudice of a type that the court is prepared to recognize. Some showing of prejudice is required in order to establish a Due Process violation. Antoine, 906 F.2d at 1382.[2] We recognize three kinds of prejudice: (1) oppressive incarceration pending appeal, (2) anxiety and concern of the convicted party awaiting the outcome of the appeal, and (3) impairment of the convicted person's grounds for appeal or of the viability of a defense in case of retrial. Id.
 
 
 11
 Easter did not claim the first kind of prejudice. The district court found that Easter had suffered anxiety distinguishable from other defendants awaiting the outcomes of appeals, because events such as the Carlos and Garcia decisions had given him false hopes of a successful appeal. However, it held that this factor standing alone was not dispositive.
 
 
 12
 The court found that Easter had failed to establish the third kind of prejudice, that of impairment to his appeal or defense at retrial. We agree. Typically, defendants relying upon this kind of prejudice assert that the passage of time has impaired the memories of defense witnesses or the ability of defendants to produce exculpatory evidence. When the prejudice asserted by a petitioner does not fit that category, as in Easter's case, the appropriate test of prejudice is that of Strickland v. Washington, 466 U.S. 668 (1984) (reasonable probability that, but for constitutional error, result would have been different). Mathis v. Hood, 937 F.2d 790, 794 (2d Cir.1991); Muwwakkil v. Hoke, 968 F.2d 284 (2d Cir.), cert. denied, 113 S.Ct. 664 (1992).
 
 
 13
 Easter cannot demonstrate prejudice under the Strickland standard. In Lockhart v. Fretwell, 113 S.Ct. 838 (1993), counsel failed to make an objection in a state criminal proceeding that would have been supported by a decision that was subsequently overturned. The Supreme Court held that since the sentencing proceeding was not rendered unreliable or fundamentally unfair by counsel's failure to object, there was no "prejudice" within the meaning of Strickland. Id. at 841.
 
 CONCLUSION
 
 14
 Easter's Due Process rights were not violated by the application of Anderson to his case. He had no constitutional right to the benefit of Carlos and Garcia, decisions whose brief lives did not coincide with either his trial or the determination of his appeal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Two years later, the supreme court held that Anderson should be applied retroactively to pre-Carlos trials. People v. Poggi, 753 P.2d 1082 (1988), cert. denied, 492 U.S. 925 (1989)
 
 
 [2]
 We reject Easter's alternate argument that no showing of actual prejudice is required. The cases that he cites, Doggett v. United States, 112 S.Ct. 2686 (1992), and United States v. Aguirre, 994 F.2d 1454 (9th Cir.), cert. denied, 114 S.Ct. 645 (1993), concern bad faith or intentional delay by the government, which Easter has not demonstrated