92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. GUTHRIE, Defendant-Appellant.
 No. 96-35020.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided Aug. 2, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Guthrie appeals the district court's denial of his 28 U.S.C. § 2255 motion. Guthrie was convicted of violating the Sherman Act, 15 U.S.C. § 1, by rigging bids at two foreclosure sales. We affirm.
 
 
 3
 We reject Guthrie's contention that he was denied effective assistance of counsel because his counsel had an impermissible conflict of interest. A conflict of interest does not exist simply because Guthrie's attorney may have broken a promise to him. Rather, Guthrie was required to demonstrate that "his counsel actively represented conflicting interests." See Garcia v. Bunnell, 33 F.3d 1193, 1198 (9th Cir.1994) ( quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)), cert. denied, 115 S.Ct. 1374 (1995). Moreover, the district court was not required to hold an evidentiary hearing based on Guthrie's conclusory allegations. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 4
 Guthrie was not denied the opportunity to challenge the interstate commerce element of his offense. The record demonstrates that the district court only excluded evidence of Guthrie's good faith belief that his actions were legal. Indeed, Guthrie's counsel vigorously contested the interstate commerce element throughout trial. See SER 38-40.
 
 
 5
 We also reject Guthrie's contention that an error in the trial transcript prejudiced his direct appeal. At most, the erroneous transcript demonstrates that Guthrie knew the sale proceeds would cross state lines. The government, however, was not required to prove such knowledge. Guthrie therefore was not prejudiced by this error. See United States v. Antoine, 906 F.2d 1379, 1381 (9th Cir.1990) (requiring specific prejudice as a result of the transcript errors).
 
 
 6
 Finally, Guthrie is precluded from arguing that the jury was improperly instructed. This argument was rejected on direct appeal and therefore is not subject to collateral attack under section 2255. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm the denial of Guthrie's petition under the former version of 28 U.S.C. § 2255, we do not consider the applicability of the more demanding standards in the Antiterrorism and Effective Death Penalty Act of 1996