122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hose Luis BANTULA, Defendant-Appellant.
 No. 96-55500.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, Robert M. Takasugi, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Bantula, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and 235-month sentence. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Bantula contends that he was denied due process and access to the courts because he received an incomplete transcript of the sentencing hearing. Bantula also argues that the omissions and discrepancies in the transcript were the result of judicial misconduct. These claims lack merit.
 
 
 4
 Here, the district court did not reverse Bantula's conviction based on the discrepancies in the partial transcript, because it determined, after reading the partial transcript, the complete transcript, and the court reporter's declaration, that the complete transcript was adequate and the discrepancies and omissions were the court reporter's fault, not a result of a flaw in the sentencing proceeding. See United States v. Antoine, 906 F.2d 1379, 1381 (9th Cir.1990) (court reporters failure to provide verbatim transcripts does not require a per se rule of reversal). Bantula argues that the omissions in the initial transcript impeded his ability to raise important issues on appeal, however, he does not indicate how the missing pages would have helped him. See id.[1] He also argues that the delay in filing the complete sentencing transcript prejudiced his appeal. The argument is unpersuasive, however, because an eight day delay is not extreme. See United States v. Tucker, 8 F.3d 673, 676-677 (9th Cir.1993) (three year delay between filing notice of appeal and filing of transcript not extreme delay requiring reversal). Finally, Bantula's argument that the court reporter's failure to provide the correct transcript amounts to judicial misconduct is belied by the record.
 
 
 5
 Because the district court certified the accuracy of the record on this appeal and, because Bantula has failed to show that the certification was clearly erroneous, he cannot show specific prejudice required to reverse his conviction. See United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir.1994) (specific prejudice entitling defendant to reversal on ground that court reporter failed to submit a verbatim transcript will not be found when trial court has certified accuracy of record, absent showing that certification is clearly erroneous); See Antoine, 906 F.2d at 1381 (even if appellant demonstrates that there were omissions in the transcript, he cannot prevail without showing specific prejudice). Accordingly, Bantula's due process, access to the courts, and judicial misconduct claims fail.
 
 
 6
 Bantula claims that counsel was ineffective because counsel was absent during closing arguments other than his own, leaving Bantula to be represented by substitute counsel during those. He also claims that substitute counsel was ineffective because he failed to object to statements made during the government's closing argument and had a conflict of interest. These claims lack merit.
 
 
 7
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 8
 Here, the district court excused trial counsel so he could attend to business in another courtroom. Permission was granted after counsel gave closing arguments and had a discussion with the judge and Bantula. Bantula waived the presence of counsel and stated that he had no objections to his attorney leaving to go to another courtroom. Additionally, substitute counsel was not ineffective because the government's statements about Fernando Patino were not objectionable. See United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993) (failure to object during closing arguments not ineffective assistance). Finally, the transcript reveals that trial counsel, not substitute counsel, represented Bantula at sentencing and adequately argued mitigating and sentencing factors in his favor. Because Bantula waived counsel's presence; was represented by trial counsel at sentencing; and had no grounds to object to the government's closing argument, he cannot show prejudice. See Strickland, 466 U.S. at: 688. Thus, his ineffective assistance of counsel claim fails.[2]
 
 
 9
 Bantula contends that the district court erred by enhancing his base offense level by four points for being a leader in the conspiracy. We decline to address this contention because it was previously rejected on direct appeal. See United States v. Redd, 759 F.2d 699, 700-701 (9th Cir.1985) (per curiam).[3]
 
 
 10
 Finally, the record conclusively shows that Bantula is not entitled to relief on any of his claims. Thus, the district court did not err by not holding an evidentiary hearing. See United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bantula's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Bantula claims that he would have raised ineffective assistance of counsel on direct appeal, the claim fails, since ineffectiveness is customarily raised on collateral attack. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
 
 
 [2]
 To the extent Bantula argues that he was not properly admonished about the risks involved with multiple representation, we decline to address this claim because it was raised for the first time on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). In any event, the admonition was unnecessary, since Bantula's attorney only represented Bantula
 
 
 [3]
 We will not consider the evidence submitted with Bantula's petition because it was not introduced in district court and is not newly discovered. See United States v. Baumann, 692 F.2d 565, 580 (9th Cir.1982)