**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel Angel GALVEZ–CATEDRAL
Defendant–Appellant.**

No. 98–50122.

D.C. No. CR–97–01800–4–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2001.*

Decided April 2, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.  R.App. P. 34(a)(2).

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM **

Miguel Angel Galvez–Catedral was convicted for conspiring to bring in and transport illegal aliens, bringing in illegal aliens for private financial gain, and for transporting illegal aliens in violation of 8 U.S.C. § 1324. He was sentenced to a term of 36 months on each count to run concurrently. Galvez–Catedral now appeals his conviction and sentencing arguing that there was insufficient evidence to convict him of bringing in illegal aliens for private financial gain. He also argues that an unreasonable delay in processing his appeal has violated his due process rights. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

In determining whether a conviction is supported by sufficient evidence, the proper test is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Galvez–Catedral contends that there was insufficient evidence for the jury to have found that he had acted for the purpose of private financial gain.

The evidence at trial established that (1) Galvez–Catedral played a significant role in the smuggling operation from being present at the staging house in Mexico and instructing the illegal aliens on what to bring on their journey into the United States to guiding them on a two to three day trip on foot into the country and delivering them by car to the "safe house;" (2) the illegal aliens or their families were paying money to have them smuggled successfully into the states; and (3) $8400 was seized from a residence used as the administrative office of the smuggling operation. A rational trier of fact could have concluded from this evidence that Galvez–Catedral, as a substantial participant in the smuggling operation, received or was going to receive a portion of the money that was being paid by the illegal aliens for their safe transportation into the United States.[1]

### II

Galvez–Catedral also argues that the delay in processing his appeal violated his due process rights and requires a reversal of his conviction and dismissal of the indictment. "[E]xtreme delay in the processing of an appeal may amount to a violation of due process." *United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although the panel does not rely on the ledger as evidence supporting Galvez–Catedral's conviction, we deny his motion to strike this document from the record. Judges D.W. Nelson and O'Scannlain vote to deny the motion. Judge Kleinfeld votes to grant it.

*Antoine,* 906 F.2d 1379, 1382 (9th Cir. 1990). Four factors are considered in evaluating claims of appellate delay: "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to appeal, and (4) the prejudice to the defendant." *United States v. Tucker,* 8 F.3d 673, 676 (9th Cir.1993) (en banc).

Applying these factors here, the length of the delay is 2 years—not an insubstantial amount of time. The delay was attributable entirely to Galvez–Catedral's own court-appointed counsel for which, under our circuit law, the *government* is held accountable. *See United States v. Wilson,* 16 F.3d 1027, 1030 (9th Cir.1994) (delays caused by court-appointed counsel are attributable to the government). Galvez–Catedral asserted his rights as evidenced by the timely filing of his notice of appeal.

But there remains the fourth appellate delay factor: "a due process violation cannot be established absent a showing of prejudice to the appellant." *Antoine,* 906 F.2d at 1382. The dispositive question, then, is whether Galvez–Catedral is able to establish that he was prejudiced by the delay in the processing of his appeal. Three types of prejudice can flow from appellate delay: (1) oppressive incarceration pending appeal; (2) anxiety and concern of the convicted party awaiting the outcome of the appeal; and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial. *See United States v. Mohawk,* 20 F.3d 1480, 1485–86 (9th Cir.1994). Galvez–Catedral does not argue any prejudice under the second and third examples. His claim of prejudice rests solely on the first example.

Applying the first example, it has been established that "[i]f [an appellant's] conviction was proper, there has been no oppressive confinement; he has merely been serving his sentence as mandated by law. Conversely, it can be said that incarceration [is] unjustified and thus oppressive where a defendant's conviction is reversed on the merits on appeal." *Id.* at 1486 (internal citations and quotations omitted) (alterations in original). Thus, it is necessary to evaluate Galvez–Catedral's meritorious claims in order to determine if his confinement has been oppressive.

Galvez–Catedral cites two claims as the basis for his prejudice: (1) insufficient evidence to support his conviction and (2) error by the district court for failing to apply a downward adjustment to his sentence for acceptance of responsibility. As discussed above, we have concluded that there was sufficient evidence supporting his conviction. Thus, the insufficient evidence claim fails.

With regards to his latter claim, whether a defendant has satisfied the elements for a downward adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.2000). Because Galvez–Catedral has maintained throughout his trial and on appeal that he did not transport the illegal aliens for private financial gain, he has not accepted responsibility for this element of the crime. Therefore, we cannot say that the district court clearly erred in refusing to apply a downward adjustment for acceptance of responsibility. Because Galvez–Catedral has not raised a meritorious claim that requires reversal of his conviction, Galvez–Catedral has not demonstrated prejudice. Unable to show prejudice resulting from the appellate delay, Galvez–Catedral has not been denied due process.

AFFIRMED.