**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roland Ronquillo PALMA**
**Defendant–Appellant.**

No. 97–50568.

D.C. No. CR–92–00254–JGD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided April 11, 2001.

---

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM *

Roland Ronquillo Palma was convicted for conspiring to distribute in excess of 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and for two counts of aiding and abetting the distribution of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He was sentenced to a term of 235 months on each count to run concurrently, five years of supervised release, and a $150 special assessment. Palma appeals his conviction and sentencing on numerous grounds. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

■ Palma argues that an unreasonable delay in the processing of his appeal violated his right to due process and requires reversal of his conviction. "[E]xtreme delay in the processing of an appeal may amount to a violation of due process." *United States v. Antoine,* 906 F.2d 1379, 1382 (9th Cir.1990). Four factors are considered in evaluating claims of appellate delay: "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to appeal; and (4) the prejudice to the defendant." *United*

States v. Tucker, 8 F.3d 673, 676 (9th Cir.1993) (en banc).

■ Applying these factors here, the length of the delay is 2 years and 8 months—not an insubstantial amount of time. *See Antoine,* 906 F.2d at 1382 (three year delay is a substantial amount of time). A significant portion of the delay resulted from the lost transcript and the lack of notification to defense counsel that the district court had filed an order settling the trial record. This portion of the delay is not attributable to the defendant. *See United States v. Wilson,* 16 F.3d 1027, 1030 (9th Cir.1994). Palma has repeatedly asserted his right as evidenced by his filing of a motion to compel trial counsel to relinquish Palma's files, by his prompt filing of a proposed Rule 10(c) statement, and by his counsel's numerous inquiries of the district court as to the status of the record reconstruction. On balance, the first three factors appear to favor Palma. However, "a due process violation cannot be established absent a showing of prejudice to the appellant." *Antoine,* 906 F.2d at 1382. Because Palma has not demonstrated any prejudice arising from appellate delay, we conclude that there has been no due process violation.

### II

■ Palma further argues that the loss of the court reporter's notes of defense counsel's opening statement requires a reversal of his conviction. He contends that he has been prejudiced by the incomplete record because defense counsel's opening statement was the basis for his motion to substitute counsel and, therefore, counsel's opening statement will not be available to this court in reviewing the district court's denial of his motion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ "A criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." *United States v. Carrillo*, 902 F.2d 1405, 1409 (9th Cir.1990). However, "some prejudice to the defendant must occur before reversal will be contemplated." *Id.* Because the district court has settled the trial record by adopting a statement that captures the basis of Palma's motion for new counsel, Palma has failed to demonstrate any prejudice arising from the incomplete record. Therefore, Palma's request for reversal of his conviction due to an incomplete record is denied.

### III

■ We next consider Palma's claim that the district court erred in denying his motion to substitute counsel. In reviewing the district court's denial of a motion to substitute counsel, the court focuses on three considerations: (1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of the motion and extent of any inconvenience or delay that would result from granting the motion. *See United States v. D'Amore*, 56 F.3d 1202, 1204–05 (9th Cir.1995), *overruled on other grounds by, United States v. Garrett*, 179 F.3d 1143 (9th Cir.1999).

■ Applying these considerations, we conclude that under the circumstances, the district court's inquiry was sufficient, *see United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986) (defendant's description of the problem and judge's observations

provided a sufficient basis for reaching an informed decision); the "conflict" over trial strategy did not rise to the level of a "total lack of communication preventing an adequate defense." *United States v. Walker*, 915 F.2d 480, 483 (9th Cir.1990); and granting the motion to substitute counsel would have resulted in considerable delay and inconvenience to the jury, witnesses, prosecution and the court. On balance, the factors demonstrate that the district court did not abuse its discretion by denying Palma's motion to substitute counsel.

### IV

Palma argues that cumulative trial error regarding the admissibility of evidence violated his right to due process. We have considered Palma's numerous claims of trial error and find them unpersuasive. We have found no error that is grounds for reversal.

### V

Palma argues that the district court's instructions to the jury were clearly erroneous and deprived him of his entrapment defense.[1] Specifically, Palma argues that the instruction suggests that undercover activity in the form of persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship were insufficient for inducement.

■ We need not determine whether *United States v. North*, 746 F.2d 627, 631

---

1. The challenged jury instructions read as follows:

   The undercover activity may take many forms, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. A solicitation, request or approach by law enforcement officials to engage in criminal activity standing alone is not an induce-

ment. Law enforcement officials are not precluded from utilizing artifice, stealth and stratagem such as the use of decoys and undercover agents in order to apprehend persons engaged in criminal activities, provided that they merely afford opportunities or facilities for the commission of the offense by one predisposed or ready to commit it.

(9th Cir.1984) is still good law with respect to the undercover agent instruction despite *Jacobson v. United States,* 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), or whether it was an abuse of discretion so to instruct without explaining to the jury that such conduct by an undercover agent, in the absence of predisposition, may amount to entrapment. Any error in giving the instruction was harmless because the evidence of predisposition was overwhelming. *See, e.g., United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197–98 (9th Cir. 2000) (en banc) (concluding the district court's failure to instruct the jury as to specific intent was harmless beyond a reasonable doubt because of the overwhelming evidence contradicting the defendant's defense) (*citing Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

## VI

■ Palma next argues that the district court deprived him of due process of law by giving him a greater sentence following his successful appeal and second trial. At the first trial, Palma was convicted and sentenced to 188 months on each count, to be served concurrently. After his successful appeal, Palma was retried and again convicted. This time the government requested a two-level sentence enhancement alleging that Palma obstructed justice by committing perjury at trial. Having found that the government met its burden, the district court gave Palma a two-level enhancement, sentencing him to 235 months on each count to be served concurrently. Once the district court determined that Palma had committed perjury, it did not have discretion to deny the enhancement requested by the prosecutor. *See United States v. Dunnigan,* 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) ("Upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines."). Therefore, Palma was not denied due process of law by receiving a greater sentence after his second trial than after his first trial.

## VII

■ Palma argues that the district court erred by failing to consider a downward departure from the sentencing guidelines after having departed upward by two levels for possession of a firearm. Because of a change in Ninth Circuit law between the time Palma was convicted and ultimately sentenced, he was subject to a two-level enhancement that did not apply at the time of his conviction. Palma does not argue that the district court erred in enhancing by two levels for the firearm, instead, he argues that the district court erred in failing then to depart downward because of mitigating circumstances, i.e., the fortuity of delay increased his punishment. Because Palma never requested a downward departure from the district court on these grounds, he has waived this claim. *See United States v. Tucker,* 133 F.3d 1208, 1219 (9th Cir.1998) (defendant's claim that district court had authority to depart downward waived because defendant "did not raise this issue before the district court.").

## VIII

Palma also argues that the district court erred by not applying a two-level downward adjustment to his sentence guideline for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Pursuant to U.S.S.G. § 3E1.1(a), a defendant's sentence shall be reduced by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Because we find that Palma did not clearly demonstrate acceptance of responsibility for his offense, we conclude that the district court did not err in denying Palma's request for a downward adjustment.

## IX

Accordingly, Palma's conviction and sentence are AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. We consider the issues of federal law this case presents in a published