UNITED STATES of America,
Plaintiff–Appellee,

v.

Severo LEYVA–MONTOYA,
Defendant–Appellant.

No. 98–50202.
D.C. No. CR–97–02258–JSR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2001.

Decided July 30, 2001.

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Severo Leyva–Montoya appeals his conviction following a guilty plea for transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). He contends that the delay in the filing of his appellate brief amounts to structural error. In particular, he argues that his former counsel's failure to file a brief before the end of his term of imprisonment deprived him of the ability to assert any claim of error that could result in any benefit. We review *de novo* a question of law regarding whether delay amounts to a constitutional violation of due process, *United States v. Antoine*, 906 F.2d 1379, 1380 (9th Cir.1990). We affirm.

In general, claims of due process violations resting on appellate delay are evaluated according to four-part test: (1) the length of the delay; (2) the reason for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the delay; (3) the defendant's assertion of his rights on appeal, and (4) whether the defendant was prejudiced by the delay. *United States v. Tucker,* 8 F.3d 673, 676 (9th Cir.1993) (en banc).

Leyva–Montoya contends that he need not show prejudice, because the delay in his case amounts to structural error affecting the framework of his entire trial process, and that this error invalidates his conviction regardless of whether prejudice had been demonstrated. *Arizona v. Fulminante,* 499 U.S. 279, 307–08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

Leyva–Montoya fails to demonstrate how the delay in the filing of his appellate brief amounts to structural error fundamentally altering the integrity of his entire trial process. The record refutes his argument. He is unable, on this record, to show that his delay amounts to a constitutional violation of due process. *Antoine,* 906 F.2d at 1382.

**AFFIRMED.**