**James Nelson BLAIR, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Warden, Respondent–Appellee.**

No. 01–99003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Filed Jan. 31, 2003.

Karyn H. Bucur, Laguna Hills, CA, for the petitioner-appellant.

Marc J. Nolan, Supervising Deputy Attorney General, Office of the Attorney General State of California Department of Justice, Los Angeles, CA, for the respondent-appellee.

Before FERGUSON, REINHARDT, and GRABER, Circuit Judges.

**ORDER**

James Nelson Blair is a prisoner of the State of California who filed a petition for writ of habeas corpus in federal district court, seeking relief on the ground that the failure to process his appeal constitutes a denial of his due process rights. The failure at issue is the thirteen-year delay in filing of the opening brief in Blair's direct appeal of his conviction for first degree murder with special circumstances.

Blair was convicted on July 19, 1985, of the attempted murders of Dorothy Green and Rhoda Miller by placing cyanide in a bottle of gin from which they drank. He was sentenced to a term of 14 years and 4 months, and his conviction and sentence were affirmed on appeal. In October 1986,

after Dorothy Green died as a result of complications from the poisoning, Blair was charged with murder. On May 2, 1989, a jury found him guilty of murder in the first degree and found true the special circumstance that he intentionally killed the victim by poison. Approximately two months later, Blair was sentenced to death.

Blair's opening brief in his direct appeal to the California Supreme Court was filed on April 15, 2002, just under thirteen years after his capital murder conviction. This delay can be attributed to a succession of extensions by his court-appointed counsel, first to correct the record and subsequently due to the appointment of associate counsel and the withdrawal and substitution of lead counsel.

Blair first presented his claims regarding the excessive delay in a state habeas petition before the California Supreme Court. The California Supreme Court denied Blair's petition, but failed to provide a rationale for doing so. Because his petition was filed after the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA's provisions apply. *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000). Under AEDPA, this court may reverse a state court's decision denying relief only if that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

There are two primary Supreme Court cases that govern Blair's due process claim: *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). However, while these cases provide the basis for our discussion of the law on due process violations due to delay, our review should await the outcome of Blair's direct appeal. The

fact that the California Supreme Court has not yet ruled on his appeal poses a problem for fashioning an appropriate remedy for Blair, even were we to find a due process violation.

Moreover, Blair asks this court to find a due process violation and grant an unconditional writ of habeas corpus and order him released. However, that remedy is not appropriate in the absence of a sufficient showing that the delay adversely affected a petitioner's chances to obtain a reversal or vacation of his conviction or his sentence. *See Coe v. Thurman*, 922 F.2d 528, 532 (9th Cir.1990); *United States v. Antoine*, 906 F.2d 1379, 1383 (9th Cir. 1990). Blair has not made such a showing. In actuality, it is virtually impossible for him to do so at the present time, as his direct appeal has only recently commenced. Therefore, we are unable to determine at this time what effect, if any, the thirteen-year delay may ultimately have on the efforts to overturn Blair's conviction or sentence. The effect of the delay will not be known until the California Supreme Court has decided Blair's direct appeal. Thus, we find it prudent to await that decision before continuing our habeas review.

While we are troubled by the length of the delay in this case, recent Supreme Court precedent counsels us once again to give state court decisions proper deference and not to exceed the limits of § 2254(d). *See, e.g., Early v. Packer*, — U.S. —, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam); *Woodford v. Visciotti*, — U.S. —, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam). Our review of Blair's appeal of his habeas petition is premature until the state supreme court has issued a decision on Blair's direct appeal. We therefore await the California Supreme Court's decision on the merits of Blair's direct appeal.

Submission of this case is withdrawn pending issuance of the mandate in the direct appeal of Blair's conviction to the California Supreme Court.

**SO ORDERED.**

Judge REINHARDT concurs in the above order because counsel has now filed the brief on appeal. It is his understanding, however, that Blair may move to resubmit the case should the California Supreme Court's decision be further unduly delayed.