NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30021 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:17-cr-00135-TSZ-4 |
| YUNZHONG CHEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 5, 2018
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,** District
Judge.

Yunzhong Chen appeals his sentence following his plea of guilty to

Conspiracy to Use a Communication Facility to Promote Prostitution in violation

of 18 U.S.C. §§ 371 and 1952, as well as the district court's denial of Chen's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

request for a transcript at governmental expense reflecting his change-of-plea hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Chen makes three arguments. First, he asserts that the Government breached the plea agreement at sentencing. Second, Chen argues that the district court's comments at sentencing about his immigration status demonstrate that the district court improperly considered his national origin when it imposed a one-year sentence instead of the 364 days recommended by the Government, despite the court's awareness that the one-day difference might carry adverse immigration consequences. And, third, Chen contends that delay stemming from the transcript denial violates his right to due process. Because we conclude that there was no breach, and that the sentence and transcript delay did not violate Chen's constitutional rights, we affirm.

"Plea agreements are contracts, and the government is held to the literal terms of the agreement." *United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir. 1999). Although a sentencing recommendation need not be made enthusiastically, when the government obligates itself to make a recommendation at the low end of the guidelines range, it may not introduce information that serves no purpose but "to influence the court to give a higher sentence." *Id.* at 1135. Here, the Government stipulated to Probation's calculation of the sentence,

2

which included a minor role reduction, and recommended a sentence of 364 days imprisonment, thereby satisfying its promises to agree that Chen was a minor participant and to recommend a sentence below fifteen months. Chen admits that the Government followed the letter of the agreement, but he argues the Government's statements contravened the agreement's spirit by inflating his role in the conspiracy and hinting at additional criminal acts. But the plea agreement expressly allowed the parties to introduce additional facts, and the Government's arguments were properly responsive to Chen's request for home confinement, so we cannot conclude that they served no purpose but "to influence the court to give a higher sentence." *Id.* Accordingly, there was no breach.

Chen's claim that the district court improperly considered his national origin in fashioning the sentence is also unavailing. As a preliminary matter, Chen's appellate waiver does not prevent him from asserting on appeal that his sentence violates the Constitution because it reflects bias against his national origin or immigration status. *See United States v. Odachyan*, 749 F.3d 798, 801 (9th Cir. 2014). In addressing claims of anti-immigrant bias in sentencing, we ask whether the judge's statements reflected "such a 'high degree of favoritism or antagonism as to make fair judgment impossible.'" *Id.* at 802 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Chen argues, however, that *Odachyan* does not control because his claim is that the district court improperly *considered* his national

origin, not that the court was biased.  Pointing to our decision in *United States v. Borrero-Isaza*, 887 F.2d 1349 (9th Cir. 1989), Chen contends that if we conclude the district court at least "partially based the sentence on [his] national origin," we must reverse the sentence.  *Id.* at 1355.  We hold that, under either standard, Chen's claim fails because there is insufficient evidence that the court based Chen's sentence on his national origin rather than on a permissible basis, like the severity of Chen's offense.  The court's comments, including that Chen was a "visitor to this country" who "needs to go to jail," were inappropriate and unnecessary, but they did not affect the outcome at sentencing.

Finally, Congress has made transcripts available automatically on direct appeal for indigent criminal defendants, so the district court had no valid basis for denying Chen's request for a copy of his change-of-plea hearing transcript.  *See United States v. MacCollom*, 426 U.S. 317, 321 n.1 (1976).  An extreme delay in the processing of an appeal because of lack of access to a transcript may amount to a violation of due process.  *United States v. Antoine*, 906 F.2d 1379, 1382 (9th Cir. 1990).  But "a due process violation cannot be established absent a showing of prejudice to the appellant."  *Id.*  Chen cannot show prejudice here—the district court's denial delayed his appeal for only a few months, so he has not been deprived of the opportunity to fully litigate his claims on direct or collateral

review.[1]

**AFFIRMED.**

---

[1] Chen initially stated that he would wait to argue that his plea was not knowing, intelligent, and voluntary until a collateral review proceeding in which he could supplement the record, but he later requested an evidentiary hearing on this issue. Because this argument was not included in his opening brief, we decline to consider it. *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012) (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)) (failing to "specifically and distinctly" argue an issue in an opening brief forfeits the argument).